MELVIN J. DURAN, Judge Pro Tern.
This was an intersectional automobile accident, involving purely a factual situation. The trial judge concluded both parties were negligent and, accordingly, dismissed the plaintiff’s suit.
Judith Jolly Woodson was driving her vehicle in a westerly direction on the I — 10 exit ramp in Kenner, Louisiana. She stopped for the stop sign at Loyola Avenue which was under construction. Loyola Avenue is a major street with a neutral ground area in its center. When Mrs. Woodson passed this intersection on previous occasions, the near side of the avenue had traffic (one lane) going in both directions, while the far side of the avenue was closed for construction. She thought the situation to be the same, but at this time the near side of the avenue was closed and traffic moved in both directions (one lane each way) on the far side of Loyola Avenue. Monte A. Davis was driving his vehicle in a southerly direction on Loyola Avenue, against the normal flow of traffic, having been diverted to that side of the street because of construction work. The two vehicles collided in the intersection with the Davis vehicle striking the right rear side of the Woodson vehicle. The evidence confirms that Davis saw the Woodson vehicle as it started moving past the stop sign. He too had previously used the intersection. Mrs. Woodson expecting no traffic from her right, on the formerly closed side of Loyola Avenue, only glanced to her right and did not see the Davis car until after the collision occurred. Audubon Indemnity Company was the insurer of the Davis car. After deducting the $100 deductible portion of their policy, Audubon paid Davis $44.18 and under subrogation brought this action to recover its loss.
In his written reasons for judgment, the trial judge states:
“ . . . this accident was caused through the negligence of both drivers. More specifically, the Court concludes that the defendant failed to yield right of way, however, the Court concludes that the plaintiff failed to maintain proper look-out.”
The only question before this Court on appeal is: Did the trial judge commit manifest error in concluding that both drivers were negligent? A careful study of this record and a review of the evidence causes *827 us to answer that question in the negative. We do not find that such error exists.
Appellee argues that a motorist on a right of way street has the right to assume that drivers on less favored streets will observe the law and not enter the intersection until it is safe to do so. Further, it is argued that the motorist on a favored street is not guilty of contributory negligence when he immediately applies his brakes after seeing that his right of way is not being honored. Suffice it to say that the numerous citations of authority in support of both points have no application to the facts of this case. None of these cases deal with a motorist driving against traffic on the wrong side of the (favored) street, albeit out of necessity.
When one side of a major street is closed because of construction or repairs to the roadway and motorists are directed to use the opposite side of the street and to there drive in a single line against traffic, these motorists are required to use a higher degree of care than would otherwise be necessary. They cannot proceed under the assumption that since they are still traveling on a favored street, others who cross their path must yield to them. Even when road conditions require that they do so, motorists who drive on the wrong side of the road against traffic must exercise great care and drive with extreme caution. They lost any status they may have enjoyed as motorist on a favored street and have no right to expect to be treated as such.
It is too well settled to require citation that we cannot substitute our findings of fact for those of the trial judge, unless we recognize manifest error in his findings. This we simply cannot recognize in this case. There is ample evidence from which to conclude that both drivers were negligent.
For the reasons assigned, the judgment appealed from is affirmed; defendant-appellant to pay all costs in both courts.
Affirmed.